UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHRISTINE ROSADO, | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 3:04-CV-369 (JCH) |
| | : | |
| JOHN WILLIAMS., | : | |
| Defendant. | : | SEPTEMBER 8, 2005 |

**RULING  RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 20]**

Plaintiff Christine Rosado brings this action pursuant to 42 U.S.C. § 1983 against defendant John Williams, a police officer in the Meriden, Connecticut police department, in his individual capacity.[1]  Williams moves for summary judgment, arguing that Rosado's suit is barred by qualified immunity.  For the reasons stated below, the defendant's motion is GRANTED.

**I.  FACTS**[2]

On July 19th, 2001, at approximately 10:45 pm, Officer Robison of the Meriden Police Department was dispatched to 407 Center Street to respond to an incident involving knives.[3]  Defendant's Statement of Material Fact, ¶ 1 [Dkt.  No.  21].  Officer

---

[1]The plaintiff has withdrawn the negligence claim that is stated in her complaint.

[2]For the purposes of the instant motion, the court accepts facts undisputed by the parties as true and resolves disputed facts in favor of the non-moving party, here the plaintiff, where there is evidence to support her allegations.

[3]In her Rule 56(a) Statement, the plaintiff objects to, but does not deny, the defendant's factual allegations concerning the reports of the incident involving knives and plaintiff's possible possession of a knife on the basis of irrelevancy and hearsay. This court finds that the allegations regarding the presence of knives are relevant to the defendant's state of mind during the events at issue.  Similarly, to the extent that the allegations are based on statements made to the officers at the scene by Claribeth Bonilla,

Williams was already on the scene talking to several complainants who said that they had been threatened by three females with knives.  Id. at ¶ 3.  One of the complainants, Clarebeth Bonilla, told the officers that Rosado was one of the females in possession of a knife, and that the three females were driving around in Rosado's car.  Id. at ¶¶ 6-7.  Bonilla also provided a written statement regarding the incident to Officer Robison.  Id. at ¶ 4.  Rosado's car was subsequently pulled over by the police.  Id. at ¶ 10.  Rosado and the car's two other occupants were patted down and the car was searched.  Id. at ¶¶ 15-15.  No knives were found in the searches.  Id. at ¶ 16.  Williams explains that the officers were not able to do a full body search because there was no female officer present at the scene.  Memorandum in Support of Motion for Summary Judgment, p.10 [Dkt. No. 22-1].  Rosado contends that the search was quite thorough nonetheless; she was wearing only jogging pants and a t-shirt, and the officers had her move her bra and t-shirt away from her body to show that she had nothing concealed.  Plaintiff's Statement of Material Fact, ¶ 5 [Dkt.  No.  24].

The officers arrested and handcuffed Rosado and her companions.  Defendant's Statement of Material Fact, ¶¶ 17-18.  Rosado, having recently suffered injuries to her back and shoulder in a car accident, requested that she be handcuffed with her hands in front of her rather than behind her back.  Id. at ¶ 22.  Williams, the officer that

---

this court finds that they are not offered for the truth of the matter asserted (i.e., that Rosado was in possession of a knife), but to explain the state of mind of the defendant (i.e., Williams believed that Rosado was in possession of a knife), and are thus not hearsay.  See Fed.R.Evid. § 801(c).

handcuffed Rosado, refused her request and handcuffed her behind her back.

Plaintiff's Statement of Facts, ¶ 2.   Rosado also claims that the handcuffs were too

tight and that Williams refused to loosen them.  Id. at ¶ 3.  Rosado was detained with

the handcuffs behind her back in the police cruiser on the way to the police

headquarters and for an hour while she was detained in a cell at the headquarters.  Id.

at ¶ 4.  The plaintiff received treatment at an emergency room, and later from a

chiropractor, for the pain she experienced in her back.  Id. at ¶ ¶ 7-8.  At her deposition,

she testified that her wrists were red and "the bones hurt" when the handcuffs were

removed, and that the redness had disappeared by the next day.  Memorandum in

Support of Motion for Summary Judgment, Ex. 3, p. 105.  Her claim is that Williams

violated her constitutional rights under the Fourth Amendment by using excessive force

in handcuffing her behind her back without regard to her preexisting shoulder and back

injuries.

In response, Williams argues that his actions were objectively reasonable and

did not violate any clearly established constitutional rights of Williams, and thus he

should receive qualified immunity from her suit.  In support of his argument, Williams

claims that he was acting in accordance with General Order  88-22 of the Meriden

Police Department, which states in relevant part:

> The transporting officer will search the prisoner prior to placement in the
> transport vehicle.  Prisoners under custodial arrest, where the potential for
> injury, escape, or the destruction of evidence is likely, should be
> handcuffed with their hands behind the back and placed in the rear seat . .
> . . If the prisoner is sick, injured or handicapped, the prisoner may be
> handcuffed unless, in the opinion of the transporting officer, the nature of

the sickness, injury or handicap would be aggravated by the handcuffs. Memorandum in Support of Motion for Summary Judgment, Williams Affidavit, Ex. B. Williams argues that possible presence of an undiscovered knife constituted a sufficient "potential for injury" under police policy such that handcuffing Rosado behind her back was reasonable despite her request concerning her preexisting shoulder and back injuries.

## II.    LEGAL STANDARD

Summary judgment is appropriate only when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Hermes Int'l v. Lederer de Paris Fifth Ave, Inc., 219 F.3d 104, 107 (2d Cir. 2000). The moving party bears the burden of showing that no genuine factual dispute exists. Carlton v. Mystic Transp., Inc., 202 F.3d 129, 133 (2d Cir. 2000) (citing Gallo v. Prudential Residential Servs., Ltd. P'ship, 22 F.3d 1219, 1223 (2d Cir. 1994)).  When reasonable persons applying the proper legal standards could differ in their responses to the questions raised on the basis of the evidence presented, the question is best left to the jury.  Sologub v. City of New York, 202 F.3d 175, 178 (2d Cir. 2000).

Once the moving party has met its burden, in order to defeat the motion the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial," Anderson, 477 U.S. at 255, and present such evidence as would allow a jury to find in his favor, Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir. 2000).  A party may not rely "on mere speculation or conjecture as to the true nature of the facts to

4

overcome a motion for summary judgment." Lipton v. The Nature Company, 71 F.3d

464, 469 (2d Cir. 1995) (quoting Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 12 (2d Cir.

1986)).  Additionally, a party may not rest on the "mere allegations or denials" contained

in his pleadings.  Goenaga v. March of Dimes Birth Defects Found., 51 F.3d 14, 18 (2d

Cir. 1995); see also Ying Jing Gan v. City of New York, 996 F.2d 522, 532 (2d Cir.

1993) (holding that party may not rely on conclusory statements or an argument that the

affidavits in support of the motion for summary judgment are not credible).

     Rosado states a claim for excessive force under the Fourth Amendment

pursuant to 42 U.S.C. § 1983.  In response, Williams claims that he should be afforded

qualified immunity from suit.  In Cowan v.  Breen, the Second Circuit explained the

process for evaluating claims of qualified immunity in excessive force claims under the

analytic laid out by the Supreme Court in Saucier v.  Katz, 533 U.S. 194, 201-02, 205

(2001) and preceding cases:

> The threshold question is whether the facts, taken in the light most
> favorable to the plaintiff, show a constitutional violation. The inquiry is
> whether the alleged use of excessive force was objectively reasonable.
> Thus, claims that an officer made a reasonable mistake of fact that
> justified the use of force are considered at this stage of the analysis. If the
> plaintiff fails to establish a constitutional violation, the qualified immunity
> inquiry ends and the plaintiff may not recover.  If, however, a constitutional
> violation can be shown, the court must then determine whether the
> constitutional right was clearly established at the time of the constitutional
> violation. Id. This inquiry focuses on whether it would be clear to a
> reasonable officer that his conduct was unlawful in the situation he
> confronted. . . .This inquiry adds a 'further dimension' to the qualified
> immunity analysis by acknowledging that reasonable mistakes can be
> made as to the legal constraints on particular police conduct . . . . And it
> ensures that all but the plainly incompetent or those who knowingly violate
> the law are protected from suit.

352 F.3d 756, 761 (2d Cir. 2003)(internal citations and quotations omitted).  In

evaluating the reasonableness of an officer's actions, courts engage in a fact-specific

inquiry that includes "the severity of the crime at issue, whether the suspect poses an

immediate threat to the safety of the officers or others, and whether he is actively

resisting arrest or attempting to evade arrest by flight."  Graham v. Connor, 490 U.S.

386, 396 (1989).  "The calculus of reasonableness must embody allowance for the fact

that police officers are often forced to make split-second judgments--in circumstances

that are tense, uncertain, and rapidly evolving--about the amount of force that is

necessary in a particular situation."  Id. at 396-397.  If "officers of reasonable

competence could disagree" about the propriety of the officer's actions, then "immunity

should be recognized."  Malley v. Briggs, 475 U.S. 335, 341 (1986).

**III.  DISCUSSION**

  Rosado correctly points out that the manner in which a person is handcuffed can

give rise to a claim for excessive force, specifically, as well, in situations where the

prisoner makes the officer aware of a preexisting injury.  See e.g., LaLonde v. County of

Riverside, 204 F.3d 947(9th Cir. 2000)(holding that tight handcuffing can constitute

excessive force); Walton v.  City of Southfield, 995 F.2d 1331, 1342 (6th Cir.

1993)(denying summary judgment where plaintiff may have informed officers that she

had an injured shoulder before handcuffing); Horton v. Brookfield, 3:98-CV-1834, 2001

WL 263299 (D.Conn. March 15, 2001)(Hall, J.)("Handcuffing has been found to give

rise to a claim of excessive force where an individual suffers an injury as a result of

6

being handcuffed").

However, the court cannot conclude here, in light of the possibility that a knife was present on the scene or in Rosado's possession, that Williams' decision to handcuff Rosado behind her back was unreasonable under the applicable standard. Even though Rosado was cooperative during the arrest, given the nature of the incident that prompted the arrest, Williams could reasonably take precautions to ensure that she did not have access to any hidden weapon.  See Muehler v. Mena, 125 S.Ct. 1465. 1471 (2005)(finding detention with handcuffs of occupant of house reasonable during execution of a warrant for search for weapons on the premises); Riordian v. Joyner, 02-cv-1132, 2005 WL 752210, at *6 (D.Conn. March 31, 2005)("Handcuffing [the plaintiffs] was also a reasonable protective measure until defendants could rule out the possibility that [the plaintiffs] could access a weapon").   The nature of the incident that prompted the arrest, and the possible presence of a hidden knife, distinguishes this case from Gonzalez v. City of New York, 98-CV-3084, 2000 WL 516682 (E.D.N.Y. March 7, 2000)(denying summary judgement for excessive force claim arising out of traffic violation). Therefore, because Williams' actions were reasonable in light of the circumstances, this court concludes that no constitutional violation occurred.[4]   Williams'

---

[4]The court also finds that the Rosado's wrist injuries are insufficiently serious to state a constitutional claim for excessive force. See Stefanopoulos v. City of New York, 01-CV-0771(SJ), 2005 WL 525552, at *3 (E.D.N.Y. Feb. 28, 2005) ("[E]ven assuming arguendo that Plaintiff could prove that he sustained minor injuries from the handcuffs, this fact alone is insufficient to constitute a Fourth Amendment claim of unreasonable force."); Gonzalez, 2000 WL 516682 at *4("[I]f the application of handcuffs was merely uncomfortable or caused pain, that is generally insufficient to constitute excessive force.").

motion for summary judgment is therefore GRANTED.

## IV.    CONCLUSION

For the foregoing reasons, the defendant's motion for summary judgment [Dkt.
No.  20] is GRANTED.  The court, however, considers the defendant's motion to be a
partial motion for summary judgment with regards only to the initial act of handcuffing
the plaintiff behind her back.  The defendant has not addressed the plaintiff's
contention that, after arrest, the plaintiff was held in detention with her hands cuffed
behind her back, and, therefore that portion of the plaintiff's claim remains pending.
The defendant is free to make a motion for summary judgment by September 27, 2005
addressing this remaining claim.

**SO ORDERED.**

Dated this 8th day of September, 2005, at Bridgeport, Connecticut.


/s/ Janet C. Hall
Janet C. Hall
United States District Judge